IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY CHATMAN,

    Plaintiff,　　　　　　　　No. CIV S-04-2655 MCE GGH P

   vs.

SOLANO COUNTY JAIL, et al.,

    Defendants.

_____/　　　ORDER

       On January 12, 2005, the court dismissed the original complaint with leave to amend. On February 1, 2005, plaintiff filed an amended complaint. On March 15, 2005, plaintiff filed a second amended complaint which is substantially similar to the February 1, 2005, amended complaint. Accordingly, the court will consider the second amended complaint. Fed. R. Civ. P. 15.

       Named as defendants are the following employees of the Solano County Jail: Smith, Childress, Jorgensen, Davis, Hambright, Featherson, Mercado, Nixon, Mashburn and Atkins. The second amended complaint contains no specific allegations against defendants Jorgensen, Davis, Featherson, Mashburn and Atkins.

       The Civil Rights Act under which this action was filed provides as follows:

       Every person who, under color of [state law] . . . subjects, or causes

> to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendants Jorgensen, Davis, Featherson, Mashburn and Atkins to any of the alleged deprivations, the court will separately recommend that the claims against these defendants be dismissed.

The only allegation against defendant Smith is that he denied plaintiff's administrative appeal. Prisoners do not have a separate constitutional right to a specific grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Accordingly, the court will separately recommend that the claim against defendant Smith be dismissed.

/////

1  The second amended complaint states a cognizable claim for relief against
2 defendants Childress, Hambright, Mercado and Nixon pursuant to 42 U.S.C. § 1983 and 28
3 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable
4 opportunity to prevail on the merits of this action.
5  Plaintiff has requested the appointment of counsel. The United States Supreme
6 Court has ruled that district courts lack authority to require counsel to represent indigent
7 prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In
8 certain exceptional circumstances, the court may request the voluntary assistance of counsel
9 pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);
10 Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court
11 does not find the required exceptional circumstances. Plaintiff's request for the appointment of
12 counsel will therefore be denied.
13  In accordance with the above, IT IS HEREBY ORDERED that:
14  1. Plaintiff's February 1, 2005, motion for appointment of counsel is denied;
15  2. Service is appropriate for the following defendants: Childress, Hambright,
16 Mercado, Nixon.
17  3. The Clerk of the Court shall send plaintiff 3 USM-285 forms, one summons,
18 an instruction sheet and a copy of the second amended complaint filed March 15, 2005.
19  4. Within thirty days from the date of this order, plaintiff shall complete the
20 attached Notice of Submission of Documents and submit the following documents to the court:
21  a. The completed Notice of Submission of Documents;
22  b. One completed summons;
23  c. One completed USM-285 form for each defendant listed in number 3
24  above; and
25  d. Five copies of the endorsed second amended complaint filed March 15,
26  2005.

5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: 6/14/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
chat2655.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY CHATMAN,

        Plaintiff,                   No. CIV S-04-2655 MCE GGH P

   vs.

SOLANO COUNTY JAIL, et al.,       NOTICE OF SUBMISSION

        Defendants.             OF DOCUMENTS
_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    __1__    completed summons form
    __4__    completed USM-285 forms
    __5__    copies of the _____
                        Complaint/Amended Complaint

DATED:

                                     _____
                                     Plaintiff