IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY A. CHATMAN,

       Plaintiff,                       No. CIV S-04-2655 MCE GGH P

    vs.

SOLANO COUNTY JAIL, et al.,

       Defendants.             <u>ORDER</u>

_____/

I. <u>Introduction</u>

       Plaintiff is a prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are four separate motions to dismiss filed on behalf of each of the defendants: 1) defendant Hambright's motion to dismiss filed September 16, 2005; 2) defendant Mercado's motion to dismiss filed September 16, 2005; 3) defendant Childers' motion to dismiss filed September 16, 2005; and 4) defendant Mixon's[1] motion to dismiss filed September 21, 2005.

       On September 23, 2005, plaintiff filed an opposition to defendant Childers' motion to dismiss. Plaintiff did not oppose the motions to dismiss filed on behalf of the other

---

[1] The court previously erroneously identified defendant Mixon as defendant "Nixon."

1

defendants. Accordingly, on January 12, 2006, the court ordered plaintiff to show cause within twenty days for his failure to oppose these motions. The court also ordered plaintiff to file his opposition within that time.

On March 8, 2006, plaintiff filed an opposition to the three unopposed motions. Plaintiff did not respond to the order to show cause. Nevertheless, the court will discharge the show cause order and consider the merits of defendants' motions.

For the following reasons, the court orders defendants' motions granted with leave to amend. On August 31, 2005, plaintiff filed a summary judgment motion. Because plaintiff is not proceeding on a colorable complaint, his motion for summary judgment is premature.

II. Legal Standard for Motion to Dismiss

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which would entitle him to relief. NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101 (1957), Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555,

1  561, 112 S. Ct. 2130, 2137 (1992).  Moreover, pro se pleadings are held to a less stringent
2  standard than those drafted by lawyers.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 596
3  (1972).
4        The court may consider facts established by exhibits attached to the complaint.
5  <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also
6  consider facts which may be judicially noticed, <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d
7  1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other
8  papers filed with the court, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir.
9  1986).  The court need not accept legal conclusions "cast in the form of factual allegations."
10 <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).
11       A pro se litigant is entitled to notice of the deficiencies in the complaint and an
12 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  <u>See</u>
13 <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448 (9th Cir. 1987).
14 III.  <u>Discussion</u>
15       This action is proceeding on the second amended complaint filed March 16, 2005.
16 Plaintiff alleges that his mail was not properly processed while he was incarcerated at the Solano
17 County Jail.
18       The court first considers the motion to dismiss filed on behalf of defendant
19 Childers.  Plaintiff alleges that defendant Childers responded to two administrative grievances
20 regarding the processing of his mail.  Plaintiff does not allege that defendant Childers was
21 otherwise involved with his mail.
22       The court finds that plaintiff has not stated a claim against defendant Childers
23 regarding the processing of his mail because plaintiff does not claim that defendant Childers
24 mishandled his mail.  To the extent plaintiff is making a claim against defendant Childers based
25 on the processing of his administrative grievances, plaintiff has not stated a constitutional claim.
26 <u>See</u> <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988) ("[t]here is no legitimate claim of

1 entitlement to a grievance procedure"); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.
2 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance
3 procedure."). Accordingly, because plaintiff has failed to state a colorable claim against
4 defendant Childers, the claims against this defendant are dismissed with leave to amend.

5       The court now considers defendant Mixon's motion to dismiss. Defendant's
6 motion accurately summarizes the allegations against defendant Mixon. Plaintiff alleges that on
7 December 29, 2004, he spoke with his aunt on the telephone. His aunt informed plaintiff that she
8 had mailed a certified letter to him on December 21, 2004. After discovering that plaintiff had
9 not received the letter, his aunt made a telephone call to the jail and spoke with defendant Mixon.
10 Defendant told plaintiff's aunt that she had no knowledge of the letter and also stated that the
11 mail systems at the jail was terrible. Plaintiff alleges that he received the certified letter on
12 December 29, 2004.

13       Plaintiff's allegations against defendant Mixon do not state a colorable
14 constitutional claim. Plaintiff does not allege that defendant Mixon caused the delay in the
15 delivery of the letter. More importantly, an isolated incident of delay in the delivery of mail does
16 not state a colorable First Amendment claim. See Sizemore v. Williford, 829 F.2d 608, 610 (7th
17 Cir. 1987). For these reasons, the claims against defendant Mixon are dismissed with leave to
18 amend.

19       The court next considers defendant Mercado's motion to dismiss. Defendant's
20 motion to dismiss accurately summarizes the claims against this defendant. Plaintiff alleges that
21 several pieces of incoming non-legal mail were returned to sender marked "inmate not in
22 custody." Plaintiff also claims that two pieces of correspondence received by the Solano County
23 Jail mail room were unreasonably detained for a period of one to two weeks prior to their
24 delivery. On January 19, 2005, plaintiff alleges that defendant Mercado responded to plaintiff's
25 request for information concerning the amount of money in his trust account. Defendant
26 Mercado asked plaintiff if he was the inmate who had been grieving the return of his non-legal

mail. Plaintiff stated that he was this inmate. Defendant Mercado then allegedly informed plaintiff that she had been responsible for returning this mail because she believed that the mail had been addressed to an inmate named "Hatman."

It is well settled that "an official's negligent act does not implicate the due process clause. In the context of constitutional torts, it is the deliberate, intentional abuse of governmental power for the purpose of depriving a person of life, liberty or property that the Fourteenth Amendment was designed to prevent." Stevenson v. Koskey, 877 F.2d 1435, 1440-41 (9th Cir. 1989).

Plaintiff is alleging that defendant Mercado mistakenly returned his mail because she believed it was addressed to a different inmate. Plaintiff does not allege that defendant Mercado intentionally interfered with his mail. For this reason, the claims against defendant Mercado are dismissed.

The court next considers defendant Hambright's motion to dismiss. The only allegation against defendant Hambright is that on December 29, 2004, he delivered two pieces of delayed mail to plaintiff. Plaintiff does not allege that defendant Hambright was responsible for the delay in plaintiff's receipt of this mail.

Because plaintiff does not claim that defendant Hambright was responsible for the delay in his receipt of his mail – rather, he merely delivered it – the court finds that plaintiff has not stated a colorable claim against this defendant. Accordingly, the claims against defendant Hambright are dismissed with leave to amend.

Plaintiff is granted thirty days from the date of this order to file a third amended complaint. The third amended complaint must contain a *short* and *plain* statement of the claims. Fed. R. Civ. P. 8. Defendants are not required to respond to the third amended complaint until so ordered by the court.

\\\\\

\\\\\

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 31, 2005, summary judgment motion is vacated as premature;

2. The January 12, 2006, order to show cause is discharged;

3. Defendant Mixon's motion to dismiss filed September 21, 2005, is granted;

4. The motions to dismiss filed September 16, 2005, on behalf of defendants Childers, Hambright and Mercado are granted;

5. Plaintiff is granted thirty days from the date of this order to file a third amended complaint; if plaintiff does not file a third amended complaint within that time, the court will recommend dismissal of this action; defendants are not required to respond to the third amended complaint until so ordered by the court.

DATED: 4/11/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
chat 2655.mtd